UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DENISE PRESTON<br><br>    Plaintiff<br>v.<br><br>MIDLAND FUNDING, LLC<br><br>    Defendant | **COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT & JURY DEMAND

### Jurisdiction

1. This court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §§ 1331, 1337.

2. This Court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3. The Plaintiff to this lawsuit is Denise Preston, formerly known as Denise Hartgerink, who resides in Eaton County.

4. The Defendant to this lawsuit is Midland Funding, LLC ("Midland") which is a corporation doing business in Michigan to collect and enforce defaulted debts.

### Venue

5. The transactions and occurrences which give rise to this action occurred in Eaton County.

6. Venue is proper in the Western District of Michigan.

1

## General Allegations

7. Some time prior to November 13, 2015, Midland engaged the Stillman Law Office to collect a debt allegedly owed by Denise Hartgerink through litigation.

8. That debt originated with Chase Bank USA organized under the law of Delaware.

9. Ms. Preston had opened that account sometime prior to 2010.

10. Ms. Preston made what she believed to be her last payment on that account on or about April 27, 2010, through her husband's Lake Trust Credit Union checking account.

11. Delaware law limits the time for bringing a claim on agreements like the one between Ms. Preston and Chase Bank USA to three years from the breach of agreement.

12. Upon information and belief, the Chase Bank USA credit card agreement with Ms. Preston incorporated the provisions of Delaware law by reference, and governed the contract and any litigation over it.

13. When Midland purchased Ms. Preston's Chase Bank USA account, Midland stepped into the shoes of Chase Bank USA, and took only those rights that existed at the time of the transfer.

14. As such, Delaware law governed the agreement between Ms. Preston and Chase Bank USA, and the account that Midland purchased from Chase Bank USA.

15. The statute of limitations on Ms. Preston's Chase Bank USA account expired on or about April 27, 2013.

16. Notwithstanding the fact that Delaware law required Midland to bring suit within three years of any alleged default by Ms. Preston, Midland – acting through Stillman Law Office – initiated suit on the account and Summons was issued on November 23, 2015.

17. Upon information and belief, Midland received copies of "electronic business records" concerning Ms. Preston's Chase Bank USA account in connection with its purchase of Ms. Preston's account.

18. Attached to Midland state court complaint was only one document, a purported Chase account statement dated November 2, 2011, showing no charges, fees, interest or payments in the statement period October 3, 2011 through November 2, 2011.

19. On February 18, 2016, Midland was granted an Order for Second Summons, due to an apparent inability to serve process.

20. Attached to the Motion for Second Summons was a document in the form of an affidavit, entitled "Return of Evasion," indicating several failed attempts at service. (Exhibit A.)

21. Details on the affidavit indicates multiple instances of "no answer, left business card," but fails to mention that the business card was left on the exterior of a secure main entrance to an apartment building.

22. Details on the affidavit fail to mention that the buzzers used to prompt residents are not labeled in any way sufficient to indicate which buzzer belongs to any particular resident.

23. On February 18, 2016, Midland was also granted an Order Regarding Alternate Service, allowing it to serve by first class and certified mail to 301 Gatewood Drive, Lansing, MI 48917, and by tacking at that same location. The Order fails to indicate a particular building or unit number.

24. On February 18, 2016, a Summons and Complaint Second was issued, listing 301 Gatewood Drive, Lansing, as the address for Ms. Preston, without reference to a unit number.

25. On March 25, 2016, Midland caused a Verified Return of Service to be filed with the 56-A District Court, indicating that a copy of the Second Summons and Complaint and accompanying documents were attached at 301 Gatewood Drive, Lansing, but with no indication of which building or unit number. (Attached hereto as Exhibit B.)

26. On March 25, 2016, Midland caused an Affidavit of Service Costs & Proof of Service to be filed with the 56-A District Court, indicating that service of process had been completed on March 1, 2016, by first class and certified mail to 301 Gatewood Drive, Lansing, without reference to a unit number.

27. Attached to said Affidavit is a copy of a certified mail envelope that is marked with multiple indications of non-service, such as "unable to forward" (UTF), "No person at this [illegible]," and a yellow postal service sticker that reads "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD" (dated 3/14/16). (Attached hereto as Exhibit C.)

28. Service by first class and certified mail was not effective.

29. Based on the verifications of service, Midland, through its attorney, Stillman Law Office, sought a default entry by Affidavit dated April 13, 2016.

30. Said Default Request and Affidavit was executed only 19 days from alleged service, which was 9 days premature, since service by mail was ineffective and service by posting requires 28 days to answer. (Attached hereto as Exhibit D.)

31. On April 25, 2016, default was granted and a Default Judgment was entered in the amount of $16,101.15.

32. The Certificate of Mailing indicated that a copy of the Default Judgment was mailed by the court clerk on April 25, 2016, to Ms. Preston at the address of record, 301 Gatewood Drive, Lansing, with no building or unit number, which failed in previous efforts. (See Exhibit C.)

33. At the time that Midland brought suit against Ms. Preston, Midland knew or had reason to know that Ms. Preston's last date of payment was April 27, 2010.

34. At the time that Midland brought suit against Ms. Preston, Midland knew or had reason to know that Ms. Preston's last date of payment was at least prior to October 3, 2011.

35. According to its own records, Midland knew or had reason to know that the suit against Ms. Preston was time-barred under the Delaware statute of limitations.

36. At the time that Midland brought suit against Ms. Preston, Midland knew or had reason to know that Midland's claim on the account was time-barred under Delaware law.

37. At the time that Midland brought suit against Ms. Preston, Midland possessed no factual information that would have extended any applicable statute of limitations beyond April 27, 2013.

38. In spite of the information available to it, Midland brought suit against Ms. Preston on an account that was satisfied.

39. In spite of the information available to it, Midland brought suit against Ms. Preston on an account that was beyond the applicable three-year limitations period.

40. The 56-A District Court never obtained jurisdiction over Ms. Preston.

41. In spite of the information in the file of the 56-A District Court that Ms. Preston was never properly served with process, Midland obtained a default judgment against her.

42. Midland failed or neglected to send a notice of debt, required by 15 USC § 1692g, prior to the filing of the state court lawsuit.

43. Ms. Preston has suffered damages and sustained a loss as a result of the actions of Midland.

### Practices of Midland

44. Midland purchases defaulted debts from credit card issuers.

45. Those defaulted debts purchased by Midland regularly include debts originated by Chase Bank USA.

46. When it purchases these debts, Midland negotiates not only the terms and conditions for the transfer of these debts, but also the data that the seller will make available to Midland.

47. As is industry standard, Midland regularly negotiates for the purchase of data that includes the date on which the originator charged off the debt or date of last payment.

48. Thus, at the time of purchase Midland regularly receives sufficient information to know whether the statute of limitations has run on any debt that it seeks to enforce.

49. Midland regularly acquires debts on which the applicable statute of limitations has run.

50. Midland is knowledgeable about the relevant statutes of limitations applicable to the debts that it acquires.

51. Midland regularly forwards debts on which the statute of limitations has expired to attorneys like Stillman Law Office for litigation.

52. Midland is knowledgeable about the prohibitions under FDCPA case law establishing that the initiation of litigation on a time-barred debt constitutes a violation of the FDCPA.

53. Midland is knowledgeable about the prohibitions under FDCPA case law establishing that the initiation of litigation on a satisfied debt constitutes a violation of the FDCPA.

54. Midland regularly authorizes its attorneys to initiate suit on time-barred debts.

55. Midland regularly authorizes its attorneys to initiate suit on satisfied debts.

### COUNT I – Fair Debt Collection Practices Act

56. Ms. Preston incorporates the preceding allegations by reference.

57. At all relevant times Midland, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

58. Midland is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

59. At all times relevant to this complaint, Midland sought to collect a "consumer" debt from Ms. Preston.

60. Midland's actions to collect this alleged debt from Ms. Preston violated the provisions of the FDCPA including, but not limited to 15 U.S.C. § 1692d(3) by causing to be placed on the exterior of an apartment building any notice from a process server addressed to Ms. Preston.

61. Midland's actions to collect this alleged debt from Ms. Preston violated the provisions of the FDCPA including, but not limited to 15 U.S.C. § 1692e by making false and misleading representations, through Stillman Law Office, to the 56-A District Court and thereby causing the entry of a default judgment against Ms. Preston.

62. Midland's actions to collect this alleged debt from Ms. Preston violated the provisions of the FDCPA including, but not limited to 15 U.S.C. § 1692f by filing a time-barred lawsuit against Ms. Preston.

63. Midland's actions to collect this alleged debt from Ms. Preston violated the provisions of the FDCPA including, but not limited to 15 U.S.C. § 1692g, by failing to send to her a notice of debt prior to initiating any legal action.

64. Ms. Preston suffered damages as a result of these violations of the FDCPA.

### COUNT II – Michigan Occupational Code as alternative to claims under the Michigan Collection Practices Act

65. Ms. Preston incorporates the preceding allegations by reference.

66. Midland is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

67. Ms. Preston is a debtor as that term is defined in M.C.L. § 339.901(f).

68. Midland's actions to collect from Ms. Preston violated the MOC including but not limited to M.C.L. § 339.915(e) and (f) by making false and misleading representations, through Stillman Law Office, to the 56-A District Court and thereby causing the entry of a default judgment against Ms. Preston.

69. Ms. Preston suffered damages and a loss as a result of these violations of the MOC.

70. These violations of the MOC were willful.

### Demand for Jury Trial

Plaintiff demands trial by jury in this action.

## **Demand for Judgment for Relief**

Accordingly, Ms. Preston requests that the Court grant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. A declaration as to the legality of Midland's practices, and an injunction against further violation.

e. Statutory costs and attorney fees.

Dated: February 23, 2017                              /s/ Kristen L. Krol
                                                      Kristen L. Krol (P55103)
                                                      Law Office of Kristen L. Krol, P.L.C.
                                                      Attorney for Plaintiff
                                                      4710 W. Saginaw Highway, Suite C
                                                      Lansing, Michigan 48917-2654
                                                      517-321-6804 ♦ debtrlc@drlc.com

## RETURN OF EVASION

**State of MI**      **County of EATON**      **DISTRICT Court**

Case Number: 153408GC


13-06781-0

Plaintiff:
**MIDLAND FUNDING LLC**

vs.

Defendant:
**DENISE HARTGERINK**

For:
Michael Stillman
STILLMAN LAW OFFICE
30057 Orchard Lake Rd
Second Floor
Farmington Hills, MI 48334

Received by ALLEN & HOPE PROCESS SERVING to be served on **DENISE HARTGERINK, 301 GATEWOOD DR, APT G9, LANSING, MI 48917.**

I, Angela Vermillion, do hereby affirm that on the **27th** day of **January, 2016** at **3:33 pm**, I:

**NON-SERVED**: After due search, careful inquiry and diligent attempts I was unable to serve the **SUMMONS AND COMPLAINT, COMPLAINT and ATTACHMENT** for the reason that I failed to find DENISE HARTGERINK, 301 GATEWOOD DR, APT G9, LANSING, MI 48917 or information to allow further search.

**Additional Information pertaining to this Service:**
1/4/2016  8:09 am  Attempted service at 301 GATEWOOD DR, LANSING, MI 48917, NO ANSWER, LEFT BUSINESS CARD
1/11/2016  3:21 pm  Attempted service at 301 GATEWOOD DR, LANSING, MI 48917, NO ANSWER, BUSINESS CARD GONE LEFT ANOTHER
1/15/2016  7:37 pm  Attempted service at 301 GATEWOOD DR, APT G9, LANSING, MI 48917, NO ANSWER WITH THE BUZZER, LEFT BUSINESS CARD
1/20/2016  5:48 pm  Attempted service at 301 GATEWOOD DR, APT G9, LANSING, MI 48917, NO ANSWER WITH BUZZER, NO ANSWER AT NEIGHBORS, LEFT BUSINESS CARD
1/24/2016  2:29 pm  Attempted service at 301 GATEWOOD DR, APT G9, LANSING, MI 48917, SOMEONE INSIDE OF HOME, REFUSED TO ANSWER DOOR, LEFT BUSINESS CARD, TELEVISION IS ON INSIDE OF HOME, VEHICLE IN CARPORT PLATE NUMBER BXR7332 IS REGISTERED TO THE DEFENDANT

[handwritten margin notes: "right hand unmarked buzzers", "Phone"]

**Service Fee Items:**
AFFIDAVIT FEE   $12.00
Total           $12.00

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server, in good standing, in the judicial court in which the process was served.

[stamp: RECEIVED BY JAN 29 2016 SERVICE DEPT]

Angela Vermillion
Genesee Co. Civil Dept Sheriff

ALLEN & HOPE PROCESS SERVING
Management Co., Inc.
4020 Somers Drive
Burton, MI 48529
(810) 239-7788

Our Job Serial Number: FLI-2015048288
Ref: 13-06781-0

Copyright © 1992-2013 Database Services, Inc. - Process Server's Toolbox V7.1a

EXHIBIT A

## VERIFIED RETURN OF SERVICE

| | | |
|---|---|---|
| State of MI | County of EATON | DISTRICT Court |

Case Number: 153408GC


13-06781-0

Plaintiff:
**MIDLAND FUNDING LLC**

vs.

Defendant:
**DENISE HARTGERINK**

For:
Michael Stillman
STILLMAN LAW OFFICE
30057 Orchard Lake Rd
Second Floor
Farmington Hills, MI 48334

Received by ALLEN & HOPE PROCESS SERVING to be served on **DENISE HARTGERINK, 301 GATEWOOD DR, LANSING, MI 48917**.

I, Angela Vermillion, do hereby affirm that on the **1st day of March, 2016** at **2:08 pm**, I:

POSTED PER COURT ORDER BY ATTACHING A TRUE COPY OF THIS ORDER REGARDING ALTERNATE SERVICE, SECOND SUMMONS AND COMPLAINT, MOTION FOR SECOND SUMMONS AND ORDER, SUMMONS AND COMPLAINT, COMPLAINT and ATTACHMENT WITH THE DATE AND HOUR OF SERVICE ENDORSED THEREON BY ME

[handwritten: "Wrong window"]

Additional Information pertaining to this Service:
***SUMMONS EXPIRES 05/19/16***
GPS 42.7361, -84.6287

Service Fee Items:
| | | |
|---|---|---|
| Mileage Fee | 40 @ .81 | $32.40 |
| Service Fee | | $26.00 |
| Total | | $58.40 |

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server, in good standing, in the judicial court in which the process was served.

[Stamp: FILED DISTRICT COURT 56A MAR 25 2016 BY]
[Stamp: RECEIVED BY MAR -9 2016 SERVICE DEPT]

Angela Vermillion
Genesee Co. Civil Dept Sheriff

ALLEN & HOPE PROCESS SERVING
Management Co., Inc.
4020 Somers Drive
Burton, MI 48529
(810) 239-7788

Our Job Serial Number: FLI-2016008631
Ref: 13-06781-0

Copyright © 1992-2013 Database Services, Inc. - Process Server's Toolbox V7.1a

**EXHIBIT B**

STATE OF MICHIGAN
IN THE 56A DISTRICT (EATON) JUDICIAL COURT

MIDLAND FUNDING LLC, Assignee of
Chase Bank USA N.A.,

    Plaintiff,

Vs.                              Case No. 15 3408 GC

DENISE HARTGERINK,

    Defendant.

STILLMAN LAW OFFICE
Michael R. Stillman (P42765)
30057 Orchard Lake Road Suite 200
Farmington Hills, MI 48334
(248) 851-6000

## AFFIDAVIT OF SERVICE COSTS & PROOF OF SERVICE

Ariel Keffer, as a Legal Administration Professional of the Stillman Law Office, is competent to testify to the fact that Midland Funding LLC incurred a court cost of $17.13 for effecting service by mail pursuant to MCL 600.2559(1)(o).

Furthermore, on 3/1/2016 she serve a copy of the following pleadings: **Order for Alternate Service, Summons and Complaint and Proof of Service** by placing said pleadings in a postage prepaid envelope sent via first class mail and Certified Mail Return Receipt Requested, addressed to , **Denise Hartgerink, 301 Gatewood Dr, Lansing, Michigan, 48917.**

I DECLARE THAT THE STATEMENT ABOVE IS TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE, AND BELIEF. MCR 2.114(A)(2)(b).

_____
Ariel Keffer    13-06781-0

Subscribed to and sworn before me this 1st day of March, 2016, in the County of Oakland, State of Michigan.

_____
(Notary)

Tari Sherlock
Notary Public, State of Michigan
County of Oakland
My Commission Expires 11/16/2020

13-06781-0

EXHIBIT C

**CERTIFIED MAIL**

STILLMAN LAW OFFICE
30057 Orchard Lake Road Suite 200
FARMINGTON HILLS MI 48334

U.S. POSTAGE >> PITNEY BOWES
ZIP 48334 $006.95
02 1W
0001385658 MAR 01 2016

91 7190 0007 6390 0122 7251

13-06781-0

No person at this box

Forward

DENISE Hartgerink
301 Gatewood Dr
Lansing Michigan 48917

NIXIE    482    5E 1    0003/14/16

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 48334226550    *2298-07987-01-43

| Approved, SCAO | | Original – Court<br>1st copy – Plaintiff<br>Copies – All other parties |
|---|---|---|
| STATE OF MICHIGAN<br>56(A)th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT | DEFAULT REQUEST, AFFIDAVIT,<br>ENTRY AND JUDGMENT<br>(SUM CERTAIN) | CASE NO.<br>15 3408 GC |

Court address: 56A District (Eaton), 1045 Independence Blvd., Charlotte, MI, 48813    Court telephone no. 517-543-7500

Plaintiff name, address, and telephone no.
Midland Funding LLC
As Assignee of Chase Bank USA N.A.
C/O Plaintiff's Attorney

v

Defendant names, address, and telephone no.
Denise Hartgerink
301 Gatewood Dr
Lansing, Michigan 48917

Plaintiff's attorney, bar no., address, and telephone no.
MICHAEL R. STILLMAN (P42765)
STILLMAN LAW OFFICE
30057 Orchard Lake Road Suite 200
Farmington Hills, MI 48334
248-851-6000    13-06781-0 (0803-57)

Defendant's attorney, bar no., address, and telephone no.

**FILED**
**DISTRICT COURT 56A**
**APR 21 2016**
BY _____

USE NOTE: Plaintiff must complete the Request and Affidavit and the Default Judgment before filing with the court.

**REQUEST AND AFFIDAVIT**

1. I request a default entry against **DENISE HARTGERINK** for failure to appear.
2. The claim against the defaulted party is for a sum certain or for a sum, which by computation can be made certain, I request judgment for:
   Damages: $15,756.62    Costs: $269.53    Attorney Fee/Other: $75.00    Total judgment **$16,101.15**
3. The amount requested for damages is not greater than the amount stated in the complaint.
4. The defaulted party is not an infant or incompetent person.
5. ☐ It is unknown whether the defaulted party is in the military service. ☑ The defaulted party is not in the military service.
   ☐ The defaulted party is in the military but there has been notice of pendency of the action and adequate time and opportunity to appear and defend has been provided. Attached, as appropriate, is a waiver of rights and protections provided under the Servicemembers Civil Relief Act. Facts upon which this conclusion based are: DMDC–Servicemembers Civil Relief Act Website.
6. This affidavit is made on my personal knowledge and, if sworn as a witness, I can testify competently to the facts in this affidavit.

Mimi D. Kellah P52363    _/s/ signature_    Applicant/Attorney signature    Bar no.

Subscribed and sworn to before me on 4/13/16, Oakland County, Michigan.
My Commission expires: 6/22/18    Signature: _____ Deputy court clerk/Notary public
Notary public, State of Michigan, County of Oakland

RACHEL R. REEVES
Notary Public, State of Michigan
County of Oakland
My Commission Expires June 22, 2018
Acting in the County of Oakland

**DEFAULT ENTRY**    The default of the party named above for failure to appear is entered.
4-25-16    _M. Mehmata_ Court Clerk

**DEFAULT JUDGMENT**    IT IS ORDERED this judgment is granted in favor of the plaintiff(s) as follows.
*Attach bill of costs if statutory limit is exceeded.
Damages: $15,756.62    Costs: $269.53    Attorney Fee/Other: $75.00    Total judgment **$16,101.15**
This judgment will earn interest at statutory rates, computed from the filing date of the complaint.
Judgment interest accrued thus far is $142.76 and is based on: If needed, attached separate sheet
X the statutory rate of 2.468 % from 11/23/15 to April 5, 2016
☐ the statutory 6-month rate(s) of _____ % from _____ to _____

4-25-16    _M. Mehmata_ Court clerk/Judge

This judgment has been entered and will be final unless, within 21 days of default judgment date, a motion to set aside the default is filed.

**CERTIFICATE OF MAILING**    I certify that on this date I served a copy of this default entry and judgment on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3).
4-25-16    _M. Mehmata_ Signature

MCL 32.517, MCL 600.2441, MCL 600.5759, MCL 600.6013,
MCR 2.603 (B)(2), 50 USC 521

MC07a (12/12) DEFAULT REQUEST, AFFIDAVIT, ENTRY, AND JUDGMENT (SUM CERTAIN)

EXHIBIT D